# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 16-157-01 |
| | CRIMINAL ACTION NO. 17-070 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CHRISTOPHER L DOUGLAS (01) | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM RULING**

Before the Court are *pro se* motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and a motion for a status update filed by Defendant Christopher L. Douglas ("Douglas"). *See* 16-CR-157-01, Record Document 80; 17-CR-070, Record Documents 64 & 71.[1] Douglas argues his sentence should be vacated because (1) this Court allegedly conducted his resentencing de novo, and (2) his counsel was ineffective. *See* 16-CR-157-01, Record Document 80-1; 17-CR-070, Record Document 64-1. The Government opposes the § 2255 motions. *See* 16-CR-157-01, Record Document 83; 17-CR-070, Record Document 66. Douglas filed a reply. *See* 16-CR-157-01, Record Document 86; 17-CR-070, Record Document 69.

For the reasons set forth below, Douglas's § 2255 motions [16-CR-157-01, Record Document 80; 17-CR-070, Record Documents 64] are **DENIED** and **DISMISSED WITH PREJUDICE**. Douglas's motion for a status update on his § 2255 motion [17-CR-070, Record Document 71] is **DENIED AS MOOT**.

---

[1] The § 2255 motions filed in dockets 16-CR-157 and 17-CR-070 are identical. 16-CR-157 is the docket for Douglas's drug distribution charge. 17-CR-070 is the docket for Douglas's kidnapping charge.

## Background

On June 22, 2016, a federal grand jury in the Western District of Louisiana indicted Douglas on, *inter alia*, one count of knowingly and intentionally distributing five grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("drug distribution charge"). *See* 16-CR-157-01, Record Document 1. On September 21, 2016, a federal grand jury in the Eastern District of Texas indicted Douglas on, *inter alia*, one count of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c) ("kidnapping charge"). *See* 17-CR-070, Record Document 1-2. On March 23, 2017, Douglas consented to transfer his kidnapping charge to the Western District of Louisiana. *See* 17-CR-070, Record Document 1. On April 6, 2017, Douglas pleaded guilty to both the drug distribution charge and the kidnapping charge. *See* 16-CR-157-01, Record Document 25; 17-CR-070, Record Document 3.

The United States Probation Office ("USPO") prepared a separate pre-sentence investigation report ("PSR") for each charge. *See* 16-CR-157-01, Record Document 31; 17-CR-070, Record Document 8. Douglas's PSR for the drug distribution charge reported a guidelines range of 188 to 235 months, and Douglas's PSR for the kidnapping charge reported a guidelines range of 262 months to 327 months. *See* 16-CR-157-01, Record Document 31 at ¶ 87; 17-CR-070, Record Document 8 at ¶ 109. Douglas was sentenced to 324 months for the kidnapping charge. *See* 17-CR-070, Record Document 11. Douglas was sentenced to 192 months for the drug distribution charge, with 96 months to be served concurrently and 96 months served consecutively with the sentence imposed for Douglas's kidnapping charge, for a total of 420 months imprisonment. *See* 16-CR-157-

01, Record Document 34. Douglas was also sentenced to concurrent terms of five years supervised release. *See* 16-CR-157-01, Record Document 34; 17-CR-070, Record Document 11. Both sentences were to be served consecutively to any state revocation sentence. *See id*.

Douglas appealed his sentences for both the drug distribution and kidnapping charges. *See* 16-CR-157-01, Record Document 36; 17-CR-070, Record Document 13 & 14. On appeal, the Fifth Circuit *sua sponte* addressed a sentencing error made by this Court. *See United States v. Douglas*, 910 F.3d 804, 805 (5th Cir. 2018), *as revised* (Dec. 19, 2018) (*Douglas I*). The Fifth Circuit determined that, because Douglas's guidelines range was 262 to 327 months and his sentences were not statutorily required either to be a certain length or to run consecutively, "any sentence above 327 months—the top of the guidelines range—constitute[d] an upward departure." *Id*. at 808. Although this Court had sentenced Douglas to 420 months, an above-guidelines sentence, it incorrectly found Douglas's sentence was within the guidelines range. *See id*. Therefore, the Fifth Circuit held that "[t]he district court's miscalculation of Douglas's sentencing range constitute[d] plain error." *Id*. The Fifth Circuit vacated Douglas's sentence and remanded for resentencing "in accordance with [the Fifth Circuit's] opinion." *Id*.

Shortly after the Fifth Circuit issued its mandate, this Court ordered the USPO to amend the PSRs "consistent with the guidance provided by the Fifth Circuit[,]" which resulted in a consolidated PSR that properly grouped the convictions. 17-CR-070, Record

Documents 22 & 58.[2] On March 14, 2019, Douglas filed a *pro se* motion moving the Court to (1) dismiss his retained counsel, T. Taylor Townsend ("Townsend"), (2) appoint new counsel for resentencing, and (3) reschedule his resentencing hearing. *See* Record Document 25 at 1. In his motion, Douglas contended Townsend "failed to . . . object to critical errors in the [original] PSR." *Id.* at 1-2 n. 1. The Court informed Douglas that he hired Townsend and could terminate him at any time without court intervention. *See* Record Document 26. Douglas terminated Townsend, and the Court appointed Joseph W. Greenwald ("Greenwald") to represent him. *See* Record Documents 27, 28, 29, 31, & 32.

From July 30, 2019, to January 24, 2020, Greenwald submitted a series of objections to the revised PSR. *See* Record Documents 35, 36, 37, 40, 43, 44, & 46. Relevant here, the revised, consolidated PSR included a six-level ransom demand enhancement that had not appeared in the original PSR. *See* Record Document 58 ¶ 52. With this enhancement applied, the consolidated PSR reported a total offense level of 39 and a criminal history category of VI, which resulted in a guidelines range of 360 months to life. *See id.* ¶ 137. Greenwald objected to the application of this six-level ransom demand enhancement on multiple grounds. *See* Record Documents 43 & 44. On January 29, 2020, the Court met with the parties to discuss "the scope of the mandate and its impact on the PSR enhancements and the Defendant's objections." Record Document 49.

---

[2] Unless noted otherwise, all subsequent record document cites are associated with 17-CR-070.

4

On January 30, 2020, the Court conducted Douglas's resentencing. *See* Record Document 50. The Court began by outlining the scope of the mandate. *See* Record Document 55 at 4-5. The Court interpreted the opinion "as a decision rendered on the calculation of the guidelines; thus, the Court will not disturb this calculation . . . . The Fifth Circuit does leave open the question of whether or not the district court would depart upward or downward in this matter." *Id*. at 5. The Court then turned to Douglas's objections. *See id*. at 5-6. The Court explained that, although the mandate rule would ordinarily bar consideration of Douglas's objections to the PSR, Townsend's alleged failure to object on Douglas's behalf during his original sentencing constituted an exceptional circumstance warranting consideration of Douglas's objections at resentencing. *See id*. at 5-6. The Court considered Douglas's objections in turn and overruled each. *See id*. at 9-20.

The Court stated that, in accordance with the Fifth Circuit mandate, Douglas's guidelines range was 262 to 327 months. *See id*. at 21. The Court noted this range "ignores the drug charge . . . for which your punishment would have been substantial, and therefore that justifies a sentence at the top end of the guidelines." *Id*. at 36-37. The Court then upwardly departed by 60 months, finding "that the criminal history category of a VI does not accurately reflect the seriousness . . . of [Douglas's] past criminal history or the likelihood that [he] would commit other offenses." *Id*. at 37. The Court further noted the additional 60 months was also justified as an upward variance based on the 18 U.S.C. § 3553(a) factors. *See id*. at 38. Ultimately, the Court sentenced Douglas to a term of 387 months for each of his charges, to be served concurrently to each other and

5

consecutively to any state revocation sentence. *See* Record Document 51; 16-CR-157-01, Record Document 64.

Douglas appealed his resentencing. *See United States v. Douglas*, 822 F. App'x 296, 297 (5th Cir. 2020) (*Douglas II*). The Fifth Circuit affirmed Douglas's sentence. *See id.* at 298. The Fifth Circuit rejected Douglas's arguments regarding actual vindictiveness by this Court and cruel and unusual punishment. *See id.* at 297-98. Further, although Douglas challenged various factual findings, the Fifth Circuit found "no clear error in the district court's factfinding underpinning its sentence as an upward departure, [and] decline[d] to consider his other factual challenges, as they challenge the rationale of the district court's alternative imposition of the 387-month sentence as a variance." *Id.* at 297. The Fifth Circuit additionally reasoned that the Court "assessed the facts and provided specific reasons consistent with the § 3553(a) factors to support its determination that a sentence outside of the guidelines range was necessary to achieve the goals of sentencing." *Id.* at 298. Thus, "[n]either the decision to depart nor the extent of the departure amounted to an abuse of discretion." *Id.*

On March 18, 2021, Douglas filed the instant § 2255 motions.[3] *See* 16-CR-157-01, Record Document 80; 17-CR-070, Record Document 64. Douglas challenges his sentence on two grounds: (1) this Court erred by allegedly conducting Douglas's resentencing de novo, and (2) Greenwald was ineffective for failing to object to (a) the de novo

---

[3] Douglas's motion is timely because it was filed within one year from the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

6

resentencing and (b) the issuance of a consolidated PSR. *See* Record Document 64-1. The Government opposes Douglas's motions. *See* Record Document 66.

## Law & Analysis

### I. Relevant Law

#### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, [h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d

367, 368 (5th Cir. 1992)). Even where the issues raised are constitutional or jurisdictional in nature, a defendant may be procedurally barred from raising them in a collateral attack. *See Shaid*, 937 F.2d at 232. If the constitutional or jurisdictional claims were not raised on direct appeal, the defendant's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. *Id*.

To establish cause, the defendant "must show that some objective factor external to the defense impeded counsel's efforts to comply with the [relevant] procedural rule." *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 583 (2023) (quoting *Davila v. Davis*, 582 U.S. 521, 528 (2017)). "Objective factors that constitute cause include . . . ineffective assistance of counsel in the constitutional sense." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996), *as corrected* (Sept. 25, 1996). To demonstrate actual prejudice, a defendant must establish the error "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170 (emphasis removed).

One transgression courts may consider for the first time on a § 2255 motion is a claim for ineffective assistance of counsel. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To state a successful claim of ineffective assistance of counsel, the defendant must demonstrate two things: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden of proof of showing both prongs are met. *See id*. Failure to establish either prong of the *Strickland* test will result in a finding that counsel's performance was constitutionally effective. *See id.*; *see also Tucker*

*v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997). A court may reject an ineffective assistance of counsel claim upon an insufficient showing of either deficient performance or prejudice without inquiry into the remaining prong. *See id*. at 697; *Pondexter v. Quarterman*, 537 F.3d 511, 521 (5th Cir. 2008).

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). If a tactical decision is "conscious and informed . . . [, it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999). Courts must be "highly deferential" to counsel's performance and make every effort "to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Thus, this Court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986)).

To establish the second prong of prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the

9

defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Self-serving conclusory statements that the outcome would have been different "fall[ ] far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001).

"While the Constitution guarantees criminal defendants a competent attorney, it does not insure [sic] that defense counsel will recognize and raise every conceivable . . . claim." *Jones v. Davis*, 673 F. App'x 369, 375 n.54 (5th Cir. 2016) (quoting *Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014)). "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

## II.   Analysis of Claims

As stated *supra*, Douglas challenges his sentence on two grounds: (1) the Court's alleged de novo resentencing and (2) Greenwald's alleged failure to object to the (a) alleged de novo resentencing and (b) issuance of a consolidated PSR.[4] *See* Record Document 64-1.

---

[4] Throughout his motion, Douglas additionally argues the Court did not let him object to the PSR. *See e.g.*, Record Document 64-1 at 16. This argument is directly contradicted by the record, and the Court will not consider it. *See* 16-CR-157-01, Record Document 73 at 9-20 (considering Douglas's objections).

### A. De Novo Resentencing

Douglas challenges the Court's alleged de novo resentencing for the first time in his motions for collateral relief. Thus, this claim for relief is procedurally barred unless he can demonstrate cause for his failure to raise the claim on appeal and prejudice. *See Shaid*, 937 F.2d at 232; *Bousley*, 523 U.S. at 622.

In his reply brief, Douglas seemingly argues his counsel's ineffective assistance constitutes cause for his procedural default. But Douglas has not explained how his counsel's performance prevented him from raising this claim on appeal. His argument merely consists of string cites to support the general proposition that ineffective assistance of counsel constitutes cause. *See* Record Document 69 at 4-5. *Pro se* pleadings are to be liberally construed. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). However, Douglas, not the Court, must demonstrate cause. *See Shaid*, 937 F.2d at 232; *Bousley*, 523 U.S. at 622. Douglas has not met that burden.[5] As such, his claim that this Court erred when it allegedly resentenced him de novo is procedurally barred, and the Court need not consider the merits.

### B. Ineffective Assistance of Counsel

The only remaining claim before the Court is Douglas's ineffective assistance of counsel claim based on Greenwald's alleged failures to object to (a) the alleged de novo resentencing and (b) the issuance of a consolidated PSR, which included a new six-level

---

[5] Even if the Court were to consider whether Douglas's proffered arguments for ineffective assistance of counsel constitute cause for this separate claim, the claim would still be procedurally defaulted. As discussed *infra*, his ineffective assistance of counsel claims are without merit.

ransom demand enhancement. *See* Record Document 64-1 at 18. These claims also are without merit.

Greenwald cannot be said to have acted deficiently for failing to object to a de novo resentencing because the Court did *not* resentence Douglas de novo. It is true that a de novo resentencing would have been subject to challenge. "[D]istrict courts in this circuit are not permitted to provide parties 'a second bite at the apple' by holding a de novo resentencing as a matter of course." *United States v. Stanford*, 883 F.3d 500, 514 (5th Cir. 2018) (quoting *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998)). Instead, "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *Id*. at 530. "Both the law of the case doctrine and the mandate rule apply to issues decided expressly or implicitly." *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016).

Application of these principles to Douglas's case demonstrates the Court did not resentence him de novo. Douglas first points to this Court's order requesting a new PSR after remand. *See* Record Document 64-1 at 16. However, the PSRs were to be amended in accordance with the Fifth Circuit opinion, which contradicts Douglas's assertion that the Court conducted a de novo resentencing. *See* Record Document 22. To the extent Douglas argues the Court's *consideration* of the consolidated PSR was improper, this argument, too, is meritless. Although the PSR did include a new six-level ransom demand enhancement, the Court did not consider the enhancement precisely because it fell

outside the scope of the mandate.⁶ *See* Record Document 55 at 9 ("[A]s the Court has defined the scope of the mandate, [the ransom enhancement] would not be applicable for different reasons than you have objected to."). Douglas points to no other actions in relation to the PSR that suggest the Court conducted a de novo resentencing.

Similarly, the Court's decision to impose an upward departure and variance does not indicate the Court conducted a de novo resentencing. Indeed, the Fifth Circuit left "open the question of whether or not the district court would depart upward or downward in this matter." *Id.* at 5. In examining Douglas's original sentence, the Fifth Circuit found this Court miscalculated his guidelines range and had, without justification, given him an above-guidelines sentence. *See Douglas I*, 910 F.3d at 808. The Fifth Circuit opinion does not foreclose an above-guidelines sentence but rather requires the Court to explicitly give a reason when it does so—which is exactly what this Court did at resentencing.⁷

Douglas incorrectly argues this Court could not impose an above-guidelines sentence because it chose not to do so at his original sentencing. *See* Record Document 64-1 at 18. Notwithstanding the fact that the statute upon which he relies was invalidated,⁸ the Court's decision to originally forego an upward departure or variance

---

⁶ And, as discussed more in-depth *infra*, Greenwald did object to the six-level ransom demand enhancement. *See* Record Documents 43 & 44; 16-CR-157-01, Record Document 73 at 7.

⁷ Notably, the Fifth Circuit affirmed the Court's above-guidelines sentence, albeit on different grounds. *Douglas II*, 822 F. App'x at 298.

⁸ Douglas argues the Court violated 18 U.S.C. § 3742(g)(2) by imposing an above-guidelines sentence. *See* Record Document 64-1 at 18. Because the Supreme Court invalidated 18 U.S.C. § 3742(g)(2), this argument is wholly without merit and will not be considered by the Court. *See Pepper v. United States*, 562 U.S. 476, 495-96 (2011).

13

was based on a miscalculated guidelines range. Douglas had a lower guidelines range at the resentencing. That the Court imposed an upward departure and variance based on the correctly calculated range does not mean the Court conducted a de novo resentencing. *See e.g. United States v. Lee*, 358 F.3d 315, 324-26 (5th Cir. 2004) (finding no error in the imposition of an upward departure at resentencing).[9] Because the Court did not resentence Douglas de novo, his counsel was not ineffective for failing to raise a meritless objection.[10] As such, this claim is without merit.

Greenwald also cannot be deficient for failing to object to the issuance of a consolidated PSR because any such objection would have been meritless. As explained *supra*, the Court specifically ordered a PSR that aligned with the Fifth Circuit's mandate. Additionally, despite what Douglas contends, Greenwald challenged the PSR on multiple grounds, including the offense level calculation and the six-level ransom demand enhancement. *See* Record Documents 35, 36, 40, 43, & 44. Greenwald cannot be said to be ineffective for failing to raise objections he did, in fact, raise. As such, Douglas's claim

---

[9] In *Lee*, the defendant argued that the scope of the mandate prohibited the district court from imposing an upward departure. *See Lee*, 358 F.3d at 320. The Fifth Circuit disagreed, noting that, at the original sentencing, "the district court relied on the availability of the crime of violence enhancement in order to meet the guidelines' objectives" and "found that a 78-month sentence adequately represented Lee's criminal history." *Id*. at 325-26. However, after remand, the crime of violence enhancement no longer applied, which resulted in a significantly lower guidelines range and "created the need to upwardly depart to meet the guidelines' objectives." *See id*. at 326. Similar reasoning applies to Douglas's case.

[10] To the extent Douglas argues his counsel was ineffective for failing to object to an upward variance and/or departure, such claim is directly contradicted by the record. *See* Record Document 35 at 1-2 (Greenwald opposing and objecting to any upward departure); Record Document 55 at 27-29 (Greenwald asking the Court at resentencing to not impose an upward departure).

14

that his counsel was ineffective for failing to object to the consolidated PSR is without merit.

Even assuming *arguendo* Greenwald's performance was deficient, his performance did not prejudice Douglas. Douglas claims he was prejudiced because his counsel's allegedly deficient performance "resulted in the imposition of a 6-level increase in offense level for demanding ransom." Record Document 64-1 at 18. Again, this contention is directly contradicted by the record. This Court found the six-level ransom demand enhancement fell outside the scope of the mandate and applied the guidelines range of 262 to 327 months as mandated by the Fifth Circuit. *See* Record Document 55 at 9. Further, this enhancement did not factor into the Court's decision to impose an above-guidelines sentence. *See id*. at 37-38. Because Douglas was not prejudiced by his counsel's alleged ineffective assistance, his claims are without merit.

For the reasons stated *supra*, Douglas's claims for relief in his § 2255 motion are either procedurally barred or meritless. As such, his motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### C.  Requests for Evidentiary Hearing and to Expand Record

Douglas alternatively asks the Court to grant an evidentiary hearing or to expand an incomplete record. These requests are denied.

A court may deny a § 2255 motion without an evidentiary hearing if "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018), *as revised*

(Dec. 19, 2018). For the reasons discussed *supra*, Douglas's claims are clearly frivolous and/or based upon unsupported generalizations. Even if this Court were to assume Douglas's factual assertions were true, his claims still would not entitle him to relief. As such, Douglas's request for an evidentiary hearing is **DENIED**.

Pursuant to Rule 7 of the Rules Governing § 2255 Proceedings for the United States District Courts, if the § 2255 motion is not dismissed, the Court may "direct the parties to expand the record by submitting additional materials relating to the [§ 2255] motion." Here, however, the Court has found Douglas's motion must be dismissed. Further, Douglas has not pointed to any additional materials he would like to submit for consideration, and he has not indicated any such materials exist. As such, Douglas's request to expand the record is **DENIED**.

## Conclusion

For the reasons assigned herein, **IT IS ORDERED** that Douglas's motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [16-CR-157-01, Record Document 80; 17-CR-070, Record Document 64] are **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Douglas's requests for an evidentiary hearing and to expand the record are **DENIED**.

**IT IS FURTHER ORDERED** that Douglas's motion for a status update on his § 2255 motion [17-CR-070, Record Document 71] is **DENIED AS MOOT**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it

enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Douglas has failed to demonstrate a substantial showing of the denial of a constitutional right.

    **THUS DONE AND SIGNED** this 27th day of February, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE